FILED

2011 OCT 18  AM 10: 46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  BROWNE GEORGE ROSS LLP
   Eric M. George (SBN 166403)
2  egeorger@bgrfirm.com
   Michael A. Bowse (SBN 189569)
3  mbowse@bgrfirm.com
   Ira Bibbero (SBN 217518)
4  ibibbero@bgrfirm.com
   Peter Shimamoto (SBN 123422)
5  pshimamoto@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
6  Los Angeles, CA  90067
   Tel:  310.274.7100
7  Fax:  310.275.5697
   egeorge@bgrfirm.com
8  mbowse@bgrfirm.com
   ibibbero@bgrfirm.com
9  pshimamoto@bgrfirm.com

10 Attorneys for Plaintiffs The Sam
   Francis Foundation; Estate of Robert
11 Graham; Chuck Close and All Others
   Similarly Situated

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 THE SAM FRANCIS FOUNDATION;        Case No. CV11-8605-SVW (PJWx)
   ESTATE OF ROBERT GRAHAM;
17 CHUCK CLOSE; LADDIE JOHN
   DILL; individually and on behalf of all   CLASS ACTION COMPLAINT
18 others similarly situated,

19              Plaintiffs,
                                          JURY TRIAL DEMANDED
20      v.

21 CHRISTIE'S, INC., a New York
   corporation,
22
                Defendant.
23

24

25

26

27

28

   283806_1.DOC

                         COMPLAINT

1    Plaintiffs The Sam Francis Foundation; Estate of Robert Graham; Chuck
2   Close; Laddie John Dill ("Plaintiffs"), individually and on behalf of all others
3   similarly situated allege as follows:

4                            **INTRODUCTION**

5        1.    This class action lawsuit targets the willful and systematic violation by
6   defendant Christie's of its California law obligation to pay royalties to U.S. artists
7   and their estates on artworks sold either in California or at auction by California
8   sellers.  To redress Christie's denial of rights to artists and estates under
9   California's "Resale Royalties Act," the plaintiff class herein seeks (i) the payment
10   of all royalties due but not paid under that Act throughout the class periods (as set
11   forth in the class definitions below), together with interest thereon, (ii) the
12   imposition of punitive damages for Christie's intentional election to flout the law,
13   and (iii) the issuance of appropriate injunctive and declaratory relief to ensure
14   Christie's complies with its obligations under the Resale Royalties Act for all future
15   auctions involving California sellers, and for all future sales that take place in
16   California.

17                             **PARTIES**

18        2.    Plaintiff The Sam Francis Foundation is the heir, legatee and/or
19   personal representative of artist Sam Francis, and has its principal place of business
20   in Los Angeles County, California.

21        3.    Plaintiff Estate of Robert Graham is the heir, legatee and/or personal
22   representative of artist Robert Graham, and has its principal place of business in
23   Los Angeles County, California.

24        4.    Plaintiff Chuck Close is an artist living in the state of New York.

25        5.    Plaintiff Laddie John Dill is an artist living in Los Angeles County,
26   California.

27

28

1    6.    Defendant Christie's, Inc. is a corporation organized and existing under

2    and by virtue of the laws of the State of New York, having its principal place of

3    business in New York, and an additional presence in the County of Los Angeles.

4                    **JURISDICTION AND VENUE**

5    7.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §

6    1332(d)(2), as the amount in controversy exceeds $5 million and many Class

7    members are citizens of a state different from Defendant.

8    8.    This court has personal jurisdiction over Defendant, which regularly

9    conducts business in this State.

10    9.    Venue is proper within this District and Division pursuant to 28 U.S.C.

11    §1391(b), because a substantial part of the events and omissions giving rise to the

12    claims occurred in this District, and because there is personal jurisdiction in this

13    District over Defendant because it regularly conducts business in this District.

14                    **FACTUAL ALLEGATIONS**

15    **Christie's Failure to Comply with California's Resale Royalties Act**

16    10.    Through auctions conducted during the class periods, Christie's sold

17    and acted as the seller's agent in connection with the sale of works of Fine Art –

18    defined herein as original paintings, drawings, sculptures and original works of art

19    in glass, created by U.S. citizen artists – on behalf of California sellers.  In addition

20    to the foregoing auctions, Christie's sold works of Fine Art through sales – whether

21    private or otherwise – that took place in California during the class periods.

22    11.    Under California's Resale Royalties Act (section 986 of California's

23    Civil Code) (the "Act"), Christie's was required to withhold at the time of the

24    auction or sale, and then pay to the artist (or agent or estate thereof) within 90 days,

25    five percent of the amount of such sales (herein, the "Royalty").  More specifically,

26    the Act obligated Christie's to remit the Royalty when it sold the Fine Art (i) "at an

27    auction" and/or (ii) when otherwise serving as the "seller's agent."

28

12.     Christie's failed and refused to pay the Royalty owed to the plaintiffs and class members, and also failed and refused to apprise plaintiffs and class members when a Fine Art sale occurred that would entitle class members to the Royalty due. (Nor did Christie's, as required by the Act – where "unable to locate and pay the artist within 90 days" – transfer the amount of the Royalty to California's Art Council, for deposit "in an account in the Special Deposit Fund in the State Treasury.")

13.     Worse still, Christie's affirmatively engaged in a pattern of conduct intended to conceal from plaintiffs and class members those circumstances in which a Fine Art sale – because it involved a California resident seller, or because the sale took place in California – entitled plaintiffs and class members to a Royalty. Christie's custom and practice is to conceal the fact of a seller's California residency, or the fact that a sale took place in California, from communications with the public concerning auctions and sales of Fine Art.  By way of several examples Christie's auction catalogs generally conceal from the reader the state of residency of a seller of Fine Arts, and Christie's will refuse – upon inquiry – to reveal said information.  None of these practices is necessary to maintain the anonymity of a seller of Fine Art, since Christie's could – but refuses to – identify the state of residency (and not the identity) of a Fine Art seller, or could otherwise denote by the inclusion of a symbol in its catalog materials (as Christie's does for other circumstances) that the lot is one for which the artist will be entitled to the Royalty due under California law.  Similarly, Christie's conceals information from the public that would enable a reader to learn whether a non-auction sale of Fine Art took place in California.

14.     Christie's, by engaging in the aforesaid practices, has successfully stymied and prevented plaintiffs and the class members from reasonably discovering the occurrence of auctions and sales for which a Royalty was due. Only Christie's, through information it secretly maintains, possesses the knowledge

1   to determine which auctions and sales of Fine Art are ones for which a Royalty is
2   due.

3   **Auction Sales Where Christie's Failed to Pay Royalties to Plaintiffs**

4   15.   On information and belief, plaintiffs allege that they are each owed
5   Royalties in connection with the sale of works of Fine Art by Christie's.  However,
6   because of Christie's acts of concealment, Plaintiffs at this time can only surmise
7   the total amount of Royalties owed to them.

8   16.   As a consequence of Christie's violations of the foregoing legal
9   obligations, the plaintiffs and class members have not received the Royalty due to
10  them in connection with the resale of their works of Fine Art.

11  <u>**CLASS ALLEGATIONS**</u>

12  17.   As the Act permits an "action for damages within three years after the
13  date of sale or one year after the discovery of the sale, whichever is longer" (Civil
14  Code section 986(a)(3)), the plaintiff Class herein shall be divided as follows:

15  (1)   All Artists – and the Estates of such Artists – who created a
16          work of Fine Art for which a Royalty was not paid when a
17          California resident sold the artwork at an auction organized or
18          conducted by Christie's, or when the sale took place in
19          California, within three years of the filing of this action.

20  (2)   All Artists – and the Estates of such Artists – who created a
21          work of Fine Art for which a Royalty was not paid when a
22          California resident sold the artwork at an auction organized or
23          conducted by Christie's, or when the sale took place in
24          California, three or more years before the filing of this action,
25          but for which Christie's never disclosed in any auction catalog
26          or other writing to the Artist that the seller was a California
27          resident or that the sale took place in California.

28  In defining the foregoing classes:

283806_1.DOC                                    -4-

- "Artist" shall mean a person who created a work of Fine Art and who, at the time of resale, was a citizen of the United States, or had resided in California for two or more years.

- "Estates" shall mean the heirs, legatees, and/or personal representatives of an Artist who died no more than twenty years prior to the filing of this action; and

- "Fine Art" shall mean an original painting, sculpture, or drawing, or an original work of art in glass, and shall exclude (a) the initial sale of such work where legal title is vested in the artist thereof; (b) the resale of such work for a gross sales price of (or consideration of other artworks, cash and/or property that amounts to) less than one thousand dollars ($1,000); (c) the resale of such work for a gross sales price less than the purchase price paid by the seller; (d) the resale of such work by an art dealer within 10 years of the initial sale of the work by the artist to an art dealer, provided all intervening resales were between art dealers; and (e) any work of stained glass artistry that has been permanently attached to real property and sold as part of the sale of said real property.

18. Excluded from the Class are Defendant, Defendant's officers, directors and employees, and the Court and its immediate family members.

19. Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose sub-classes in response to facts learned through discovery or legal arguments advanced by Defendant or otherwise.

20. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law.

21. Numerosity: The Class is so numerous that the individual joinder of all members thereof is impracticable under the circumstances of this case. While

283806_1.DOC

-5-

1  the exact number of Class members is unknown at this time, Plaintiffs are informed

2  and believe that the proposed Class consists of at least several hundred members.

3      22.   Commonality:  Common questions of law or fact are shared by Class

4  members.  This action is suitable for class treatment, because these common

5  questions of fact and law predominate over any individual issues.  Such common

6  questions include, but are not limited to, the following:

7          (a)   Whether Defendant violated the Act by failing to pay Royalties

8              to Plaintiffs and Class members;

9          (b)   Whether Plaintiffs and Class members are entitled to damages;

10         (c)   Whether Plaintiffs and Class members are entitled to punitive

11             damages due to Defendant's willful violations of the Act; and

12         (d)   Whether Plaintiffs and Class members are entitled to injunctive

13             relief to insure Defendant's compliance with the Act prospectively.

14     23.   Typicality:  Plaintiffs' claims are typical of the claims of absent Class

15  members.  Plaintiffs and the other Class members were subjected to the same kind

16  of unlawful conduct (Defendant's failure to pay Royalties under the Act) and the

17  claims of Plaintiffs and the other Class members are based on the same legal

18  theories.

19     24.   Adequacy:  Plaintiffs are adequate representatives of the Class because

20  their interests do not conflict with the interests of the other members of the Class

21  that Plaintiffs seek to represent.  Plaintiffs have retained counsel competent and

22  experienced in complex class action litigation and Plaintiffs intend on prosecuting

23  this action vigorously.   The interests of Class members will be fairly and

24  adequately protected by Plaintiffs and their counsel.

25     25.   Ascertainable Class:  The proposed Class is ascertainable in that the

26  members can be identified and located using information contained in Defendant's

27  records.

28     26.   Superiority and Substantial Benefit:  A class action is superior to other

283806_1.DOC                    -6-

COMPLAINT

1    available means for the fair and efficient adjudication of Plaintiffs' and Class

2    members' claims.  The damages suffered by each individual Class member may be

3    limited.  Given the burden and expense of individual prosecution of the claims at

4    issue, it would be virtually impossible for all Class members to redress the wrongs

5    done to them on an individual basis.  Even if members of the Class could afford

6    such individual litigation, the court system could not.  Individualized litigation

7    increases the delay and expense to all parties and the court system, due to the

8    complex legal and factual issues of the case.  By contrast, the class action device

9    presents far fewer management difficulties, and provides the benefits of single

10   adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### Violation of California's Resale Royalties Act ("Act")

### Civil Code § 986

14   27.    Plaintiffs incorporate all preceding paragraphs as if fully set forth

15   herein.

16   28.    Christie's violated California Civil Code section 986 by failing and

17   refusing to pay Royalties due to U.S. artists and their estates.

18   29.    More specifically, throughout the class periods (as set forth in the

19   accompanying class definitions), Christie's sold works of Fine Art both (i) in

20   California and (ii) at auction by California sellers.

21   30.    In connection with such sales, Christie's failed and refused to pay the

22   Royalties due to (i) those artists who, at the time of resale, were citizens of the

23   United States, or had resided in California for two or more years, or (ii) to the heirs,

24   legatees and/or personal representatives of such artists who died twenty years (or

25   fewer) prior to the filing of this action.

26   31.    Christie's made no meaningful effort to locate any artists – or the

27   heirs, legatees and/or personal or representatives of such artists – to whom

28   Royalties were owed.

1    32.    Christie's also failed, in connection with such sales, to transfer to the

2    California Arts Council the amounts of such Royalties otherwise due to the artists.

3    33.    Plaintiffs and Class members are entitled to the recovery of all

4    Royalties, together with interest thereon, arising from the sale of their works of fine

5    art; to an award of punitive damages; to their costs of suit, including reasonable

6    attorney's fees incurred herein; and to such other and further relief as may be

7    deemed proper to address Christie's denial of rights to artists and estates under

8    California's "Resale Royalties Act."

9                          **SECOND CAUSE OF ACTION**

10          **Violation of California's Unfair Competition Law ("UCL")**

11               **Bus. & Prof. Code §§ 17200, *et seq.***

12    34.    Plaintiffs incorporate all preceding paragraphs as if fully set forth

13    herein.

14    35.    Plaintiffs bring this cause of action on behalf of themselves, and on

15    behalf of the Class members, against Christie's for its unlawful and/or unfair

16    business acts and/or practices pursuant to the UCL, which prohibits all such acts

17    and/or practices.

18    36.    Plaintiffs assert these claims as they are representatives of an

19    aggrieved group whose funds Christie's has unlawfully retained and which funds

20    Christie's should be required to pay under the UCL's restitutionary remedy.

21    37.    The instant claim is predicated on Christie's willful failure to comply

22    with the Act.

23    38.    By engaging in the above-described acts and practices, Christie's has

24    committed one or more acts of unfair competition within the meaning of UCL.

25    39.    Christie's misconduct, as alleged herein, gave it an unfair competitive

26    advantage over those of its competitors who comply with the Act.

27    40.    Unlawful:  The unlawful acts and practices of Christie's alleged above

28    constitute unlawful business acts and/or practices within the meaning of UCL.

1    Christie's unlawful business acts and/or practices as alleged herein violated

2    California Civil Code § 986.

3          41.    Unfair: Christie's misconduct as alleged herein was unfair because it

4    offends established public policy or is immoral, unethical, oppressive, unscrupulous

5    or substantially injurious to consumers.

6          42.    Christie's misconduct as alleged herein was unfair because (i) it

7    caused Plaintiffs and class members substantial injury by, among other things,

8    depriving them of Royalties to which they were lawfully entitled for works of Fine

9    Art that they created, (ii) there were absolutely no countervailing benefits to Artists

10   or to competition that could possibly outweigh this substantial injury, and (iii) this

11   injury could not have been avoided or even discovered by the Artists, because it

12   resulted from Christie's failure to comply with the Act by locating and paying to

13   Artists the pay Royalties due to them, and Christie's concealment of the residences

14   of the sellers or the locations of sales.  Thus, Christie's acts and/or practices as

15   alleged herein were unfair within the meaning of the UCL.

16         43.    As a direct and proximate result of the aforementioned unlawful and

17   unfair practices, Christie's has deprived Plaintiffs and class members of the

18   Royalties to which they are entitled under California law.

19         44.    As a direct and proximate result of the aforementioned unlawful and

20   unfair practices, Christie's retained, and continues to hold, monies that rightfully

21   belong to Plaintiffs and class members.

22         45.    As a direct and proximate result of the aforementioned unlawful and

23   unfair practices, Plaintiffs and class members suffered substantial monetary losses

24   and are entitled to restitution for the losses.  Plaintiffs and class members are direct

25   victims of Christie's unlawful conduct, and each has suffered injury in fact, and has

26   lost money or property as a result of Christie's unfair competition.

27         46.    The unlawful and unfair business practices of Christie's, as fully

28   described herein, present a continuing threat to members of the public, as Christie's

1  continues to fail to pay Royalties as required by the Act, as described herein.

2  Plaintiffs and other members of the general public have no other remedy of law that

3  will prevent Christie's misconduct as alleged herein from occurring and/or

4  reoccurring in the future.

5       47.    Plaintiffs and Class members are entitled to equitable relief, including

6  restitution; restitutionary disgorgement of sums acquired by Christie's because of

7  its unlawful and unfair acts and/or practices; attorney's fees and costs; declaratory

8  relief; and a permanent injunction enjoining Christie's from engaging in the

9  wrongful activity alleged herein.

10                                  **PRAYER FOR RELIEF**

11      WHEREFORE, Plaintiffs pray for judgment as follows:

12      1.    For compensatory damages consisting of all royalties, together with

13  interest, owed to the classes.

14      2.    For disgorgement, restitution and/or rescission to return to the classes

15  all royalties belonging to said classes.

16      3.    For an award of punitive damages.

17      4.    For costs of suit, including attorney's fees herein incurred.

18      5.    For a permanent injunction enjoining the unlawful and unfair activity

19      6.    For such other and further relief as the court may deem proper.

20  Dated: October 17, 2011          BROWNE WOODS GEORGE LLP

21                                   Eric M. George

22                                   Michael A. Bowse

                                 Ira Bibbero

23                                   Peter Shimamoto

24                      By _____

25                                   Eric M. George

                    Attorneys for Plaintiffs The Sam Francis

26                      Foundation; Estate of Robert Graham; Chuck

                    Close; Laddie John Dill and All Others Similarly

27                      Situated

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3      Plaintiffs hereby demand a trial by jury to the full extent permitted by law.

4

Dated:  October 17, 2011

5                                              BROWNE WOODS GEORGE LLP
                                                   Eric M. George
6                                                  Michael A. Bowse
                                                   Ira Bibbero
7                                                  Peter Shimamoto

8

9                                              By _____
                                                   Eric M. George
10                                            Attorneys for Plaintiffs The Sam Francis
                                               Foundation; Estate of Robert Graham; Chuck
11                                             Close; Laddie John Dill and All Others Similarly
                                               Situated
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28