1  JASON D. RUSSELL (CA SBN 169219)
   jason.russell@skadden.com
2  HILLARY A. HAMILTON (CA SBN 218233)
   hillary.hamilton@skadden.com
3  JENNIFER E. LAGRANGE (CA SBN 238984)
   jennifer.lagrange@skadden.com
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
5  Los Angeles, California 90071-3144
   Telephone:  213.687.5000
6  Facsimile:   213.687.5600

7  Attorneys for Defendant CHRISTIE'S, INC.

8  *Additional Counsel for Related Case on Following Page*

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  CENTRAL DIVISION

12

| | |
|---|---|
| 13 ESTATE OF ROBERT GRAHAM, CHUCK CLOSE, LADDIE JOHN 14 DILL, individually and on behalf of all others similarly situated, | CASE NO.:  2:11-cv-08604-JHN-FFM **NOTICE OF CONSTITUTIONAL QUESTION AND 60 DAY PERIOD TO ALLOW FOR INTERVENTION [28 U.S.C. § 2403; FRCP 5.1]** |
| 15                      Plaintiffs, | |
| 16         v. | |
| 17 SOTHEBY'S, INC., | Hon. Jacqueline H. Nguyen |
| 18                      Defendant. | |
| 19 THE SAM FRANCIS FOUNDATION; 20 ESTATE OF ROBERT GRAHAM; CHUCK CLOSE; LADDIE JOHN 21 DILL; individually and on behalf of all others similarly situated, | CASE NO.:  2:11-cv-08605-JHN-FFM |
| 22                      Plaintiffs, | |
| 23         v. | |
| 24 CHRISTIE'S, INC., a New York 25 corporation, | |
| 26                      Defendant. | |

27

28

*Additional Counsel*

PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
DEANNE E. MAYNARD (*Pro Hac Vice*)
DMaynard@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

STEVEN A. REISS (*Pro Hac Vice*)
steven.reiss@weil.com
HOWARD B. COMET (*Pro Hac Vice*)
howard.comet@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212.310.8000
Facsimile:  212.310.8007

Attorneys for Defendant SOTHEBY'S, INC.

Pursuant to Federal Rule of Civil Procedure 5.1, defendants Sotheby's, Inc. ("Sotheby's") and Christie's, Inc. ("Christie's") hereby file a notice of constitutional challenge to a statute because defendants' Joint Motion to Dismiss the Complaints challenges the constitutionality of the California Resale Royalty Act ("CRRA"), Cal. Civ. Code § 986.  (*See* Defendants' Joint Motion to Dismiss the Complaints, *Estate of Robert Graham, et al. v. Sotheby's, Inc.*, No. 2:11-cv-08604-JHN-FFM, ECF No. 17 (C.D. Cal. filed Jan. 12, 2012); Defendants' Joint Motion to Dismiss the Complaints, *The Sam Francis Foundation, et al. v. Christie's, Inc.*, No. 2:11-cv-08605-JHN-FFM, ECF No. 15 (C.D. Cal. filed Jan. 12, 2012).)  Defendants will serve this notice and their motions to dismiss on the Attorney General of California, as required by Rule 5.1.

In addition, under 28 U.S.C. § 2403 and Rule 5.1(b), this Court shall "certify to the appropriate attorney general that a statute has been questioned."  Fed. R. Civ. Proc. 5.1(b); 28 U.S.C. § 2403.  Defendants have lodged herewith a [Proposed] Certification.  The Attorney General may intervene in this action within 60 days after the filing of this notice.  Fed. R. Civ. Proc. 5.1(c).

Defendants respectfully request this Court to defer a hearing and decision on this matter until (1) the Attorney General's opportunity to intervene has passed, or (2) any relevant filing from the Attorney General has been received, and (3) if appropriate and permitted by the Court, the parties have responded to any such filing by the Attorney General.

## I.   DEFENDANTS' MOTIONS TO DISMISS CHALLENGE THE CONSTITUTIONALITY OF A STATE STATUTE ON TWO GROUNDS.

Under Rule 5.1(a), "[a] party that files a . . . written motion . . . drawing into question the constitutionality of a . . . state statute must promptly . . . file a notice of constitutional question stating the question and identifying the paper that raises it."  Fed. R. Civ. P. 5.1(a).  As noted below, defendants' motions to dismiss challenge the constitutionality of the CRRA on two grounds.

1    In these putative class actions, plaintiffs seek to enforce the CRRA on behalf
2 of a class of artists.  The CRRA purports to require owners of fine art to pay
3 royalties, when they resell a work, to the artist who created the work, even when the
4 resale occurs outside the state of California.  Specifically, the CRRA provides that,
5 whenever a work of fine art is resold in California or by a California resident, the
6 seller or seller's agent must pay a 5% royalty to the artist who created the work.
7 Plaintiffs allege that defendants violated the CRRA because they acted as sellers'
8 agents but failed to remit royalties to artists.  Plaintiffs seek damages based on past
9 sales, as well as injunctive relief to require future payments of the 5% royalty.

10    The CRRA seeks to impose unconstitutional restrictions on the resale of fine
11 art.  Accordingly, defendants' motions to dismiss raise the following constitutional
12 questions:

13    (1) Does the CRRA violate the federal Commerce Clause by impeding the free
14 flow of interstate commerce?

15    (2) Does the CRRA violate state and federal constitutional prohibitions on the
16 taking of private property?

17    The motions to dismiss also advance arguments that the CRRA is preempted
18 by federal copyright law because it impairs the rights accorded property owners by
19 federal law, that punitive damages are not available under the CRRA or the Unfair
20 Competition Law, Cal. Bus. & Prof. Code § 17200, that the Estate of Robert Graham
21 has no capacity to sue, and that the complaints suffer from obvious pleading defects
22 and so fail to state a claim on which relief can be granted.

23    As required under Rule 5.1(a), defendants will serve this notice and paper on
24 the Attorney General of California by certified mail.

25

26

27

28

NOTICE OF CONSTITUTIONAL QUESTION

## II. BY STATUTE, THIS COURT MUST CERTIFY TO THE APPROPRIATE ATTORNEY GENERAL THAT THE CONSTITUTIONALITY OF A STATUTE HAS BEEN QUESTIONED.

Section 2403 provides, in relevant part that, "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."  28 U.S.C. § 2403.  Defendants further note that Rule 5.1(b) provides that this "court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned."  Fed. R. Civ. P. 5.1(b).  Defendants have lodged herewith a [Proposed] Certification.

## III. THE ATTORNEY GENERAL MAY INTERVENE IN THIS MATTER WITHIN 60 DAYS AND THE COURT MAY NOT ENTER FINAL JUDGMENT HOLDING THE STATUTE UNCONSTITUTIONAL BEFORE THE TIME TO INTERVENE EXPIRES.

Under Rule 5.1(c), "[u]nless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier."  Fed. R. Civ. Proc. 5.1(c).  In addition, "[b]efore the time to intervene expires, the court . . . may not enter a final judgment holding the statute unconstitutional."  *Ibid.*

//

//

//

//

3

**IV.  DEFENDANTS RESPECTFULLY REQUEST THE COURT TO DEFER HEARING AND DECISION UNTIL THE ATTORNEY GENERAL'S OPPORTUNITY TO INTERVENE HAS PASSED, OR UNTIL THE PARTIES HAVE RESPONDED TO ANY SUBMISSION BY THE ATTORNEY GENERAL.**

Defendants respectfully request that this Court defer the hearing and decision on the defendants' motions to dismiss until the 60 day period has passed or any relevant filing from the Attorney General has been received, and, if appropriate and permitted by the Court, until the parties have responded to any filing by the Attorney General.

Respectfully Submitted,

Dated:      January 17, 2012      By:    /s/ Jason D. Russell

JASON D. RUSSELL (CA SBN 169219)
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendant CHRISTIE'S, INC.

PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
DEANNE E. MAYNARD (*Pro Hac Vice*)
DMaynard@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

STEVEN A. REISS (Pro Hac Vice)
steven.reiss@weil.com
HOWARD B. COMET (Pro Hac Vice)
howard.comet@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212.310.8000
Facsimile:  212.310.8007

Attorneys for Defendant SOTHEBY'S, INC.